UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
Erick Antonio Padilla,                                      :
:                      **OPINION AND ORDER**
Plaintiff,          :
-   against-                                                :      19-CV-1449 (KHP)
:
Commissioner of Social Security,                            :
:
Defendant.          :
:
------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

On August 19, 2019, this case was remanded to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings. (ECF Nos. 15-16.)  On November 12, 2019, the undersigned approved an attorney's fee award of $2,572.50 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 19.)  On October 15, 2021, after proceedings on remand were complete, Plaintiff's counsel filed a motion for additional fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,250.00.[1] (the "Motion") (ECF. Nos. 21-22.)  Plaintiff's counsel submitted his memorandum of law in support of the motion on February 16, 2022.  (ECF No. 24.)  The Commissioner was served with Plaintiff's submissions, but did not respond.  Therefore, as set forth below, Plaintiff's counsel's motion for additional fees is GRNTED.

---

[1] The Plaintiff notes that the motion was filed timely because the Social Security Administration issued a Notice of Award dated September 28, 2021 but that he did not receive the notice until October 10, 2021.  The Motion was filed on October 15, 2021.  *Sinkler v. Comm'r of Soc. Sec.,* 932 F.3d 83, 85 (2d Cir. 2019) (holding that 14-day filing period commences upon claimant's receipt of notice of benefits calculation and that this deadline is tolled until the claimant receives notice of the amount of any benefits award.

42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). Factors relevant to a request for approval of attorney's fees are:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (citation omitted).

With regard to contingent fees, the law permits counsel to charge fees of up to twenty-five percent of the past due benefits so long as the fees are reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002). A lodestar method, which considers whether the rate charged and time spent were reasonable, need not be employed if there is no reason to question the terms of the contingency fee agreement between the lawyer and plaintiff or the character of the representation provided. *Id*. at 806-08. However, a fee is not automatically recoverable simply because it is equal to or less than 25% of the client's total past-due benefits. *Id* at 807. Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are

2

the following: (1) "the character of the representation and the results the representative achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney was responsible for any delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, at 808.

Here, the Court finds that all factors weigh in favor of the fee request. The fee of $7,250.00 is not more than twenty-five percent of past due benefits and would yield an hourly rate of $493.20 based on the expenditure of approximately 15 hours of attorney work spent on Plaintiff's social security case. Additionally, the hours worked are reasonable given the nature of the services provided and that Plaintiff's attorneys were successful in the outcome of the case upon remand.

Additionally, in light of the contingency agreement between Plaintiff and counsel, the Court further finds the requested fee of $7,250.00 is not an amount so large as to be a windfall to counsel. Cases in this circuit have been deferential – accepting *de facto* hourly rate that exceed those for non-contingent fee cases. *See, e.g., Fields v. Kijakazi,* 24 F.4th 845, 856 (2d Cir. 2022) (finding the *de facto* hourly rate of $1,556.98 to be reasonable based on effective representation); Bates *v. Berryhill,* 2020 WL 728784 at *3 (S.D.N.Y. Feb. 13, 2020) (finding the *de facto* hourly rate of $1,506.32 was product of competent and efficient advocacy); *Baron v. Astrue*, 311 F. Supp. 3d at 637–38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100.00 given efficient and impressive work from counsel).

Finally, the Court also finds the remaining relevant factors weigh in favor of finding that counsel's request is reasonable. There is no evidence of fraud or overreaching in the making of the agreement, counsel was not responsible for any delay, and counsel provided effective

representation which included a remand to the Commissioner before the parties submitted any briefing.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for attorney's fees in the amount of $7,250.00 is GRANTED. The Social Security Administration should approve and effectuate a payment of $7,250.00 to Plaintiff's counsel.

**SO ORDERED.**

Dated: March 4, 2022
       New York, New York

_____
KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE